**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1069
_____

PATRICE SHENEL LEFTWICH,
Appellant

v.

SECRETARY UNITED STATES DEPARTMENT OF THE TREASURY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:15-cv-00300)
District Judge: Honorable Mark A. Kearney

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 21, 2017
Before: RESTREPO, SCIRICA and FISHER, Circuit Judges

(Opinion filed: July 19, 2018)
_____

OPINION[*]
_____

PER CURIAM

  Patrice S. Leftwich appeals pro se from the order of the United States District

Court for the Eastern District of Pennsylvania granting summary judgment against her in

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

this employment discrimination action, and requests oral argument on appeal. As the briefs and record are sufficient to decide this case, we deny the request for oral argument. See Third Circuit Local Appellate Rule 34.1(a). For the reasons that follow, we will affirm the District Court's judgment.

Leftwich began employment with the Internal Revenue Service in November 2009. Leftwich, who is black, alleged that she began experiencing incidents of discrimination on the basis of race in April 2012. As regulations of the Equal Employment Opportunity Commission ("EEOC") required, Leftwich met with an EEO counselor in August 2012 to attempt informal resolution of her concerns. Leftwich then filed a formal complaint with the Treasury Department in October 2012. Leftwich filed four amendments to her formal complaint through October and November 2012 due to what she called continued escalating harassment and retaliation. The Department eventually issued a final agency decision on Leftwich's formal complaint in January 2015 which denied all relief. Leftwich then brought suit against the Secretary of the Treasury in the District Court.[1]

Leftwich's complaint in the District Court alleged disparate treatment on the basis of race, a hostile work environment on the basis of race, and retaliation for engaging in protected activity, all in violation of Title VII of the Civil Rights Act of 1964 ("Title

---

[1] Leftwich had another discrimination case pending in agency proceedings at the time this appeal was briefed, but that case is not part of the litigation on appeal here.

2

VII"), 42 U.S.C. § 2000e et seq. Leftwich cited sixteen different incidents to support her case. After the parties took discovery, the Secretary moved for summary judgment.

The District Court then granted summary judgment in favor of the Secretary. On the disparate treatment claim and the hostile work environment claim, the District Court concluded that Leftwich had not produced evidence sufficient to set out a prima facie case of discrimination on the basis of race. On the retaliation claim, however, the District Court concluded that Leftwich had set out a prima face case based on one incident: a reprimand that Leftwich received in November 2012, about three months after she had met with the EEO counselor and about a month after she had filed a formal complaint with the Treasury Department. That retaliation claim ultimately failed to survive the Secretary's motion, however, because Leftwich produced no evidence to rebut IRS's nondiscriminatory rationale for the reprimand. This timely appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. "We review a district court's grant of summary judgment de novo, applying the same standard as the district court." S.H. ex rel. Durrell v. Lower Merion Sch. Dist., 729 F.3d 248, 256 (3d Cir. 2013). Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the non-movant's evidence "is to be believed, and all justifiable inferences are to be drawn in h[er] favor in determining whether a genuine factual question exists, summary judgment should not be denied unless there is sufficient evidence for a jury to reasonably find for the nonmovant." Barefoot Architect,

3

Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011) (internal quotation marks and citation omitted).  The nonmoving party may not rest on mere allegations or denials, Fed. R. Civ. P. 56(e)(2), (3); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986), but should instead designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories showing a genuine issue of material fact, see Fed. R. Civ. P. 56(c). Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Leftwich's racial discrimination claims are governed by the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  See Makky v. Chertoff, 541 F.3d 205, 214 (3d Cir. 2008).  Applying that framework, we first consider Leftwich's disparate treatment claim.  A plaintiff must initially set out a prima facie case of discrimination, which requires her to show that: (1) she belongs to a protected class; (2) she is qualified for the position; (3) she suffered some form of adverse employment action; and (4) the adverse employment action occurred under circumstances that give rise to an inference of unlawful discrimination.  St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-07 (1993).  If the plaintiff makes that prima facie showing, "then an inference of discriminatory motive arises and the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action."  Makky, 541 F.3d at 214.  If the defendant articulates such a reason, "the inference of discrimination drops and the burden shifts back to the plaintiff to show

4

that the defendant's proffered reason is merely pretext for intentional discrimination." Id. The primary focus is ultimately on whether the employer treated some people less favorably than others because of their race, color, religion, gender, or national origin. See Sarullo v. U.S. Postal Serv., 352 F.3d 789, 798 (3d Cir. 2003) (per curiam).

Here, we agree with the District Court's conclusion that Leftwich failed to set out a prima facie case of disparate treatment on account of race. For substantially the reasons provided by the District Court, none of the circumstances surrounding the sixteen incidents upon which Leftwich based her case gave rise to an inference of unlawful discrimination, even if any of those incidents could have been considered an adverse employment action. See Sarullo, 352 F.3d at 797-98. The District Court systematically reviewed each such incident and found no evidence in the record to suggest that those incidents occurred as a result of racial animus. See Leftwich v. Lew, No. CV 15-300, 2015 WL 8773274, at *5–*8 (E.D. Pa. Dec. 14, 2015).

Turning to the hostile work environment claim, we also agree with the District Court's analysis. To establish a prima facie case of a racially hostile work environment, Leftwich was required to show that: (1) she suffered intentional discrimination because of her race; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected her; (4) the discrimination would have detrimentally affected a reasonable person of the same race in her position; and (5) there is a basis for employer liability. Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1081 (3d Cir. 1996). Here, the same incidents that underlay Leftwich's disparate treatment claim were cited in

5

support of her hostile work environment claim. As the District Court correctly concluded, however, none of those incidents—considered both individually and collectively—caused a change in work conditions. See Leftwich, 2015 WL 8773274, at *9–*10. Leftwich could not therefore sustain her hostile environment claim absent evidence that the purported harassment was so severe or pervasive so as to alter the conditions of her employment. See Mandel v. M & Q Packaging Corp., 706 F.3d 157, 168 (3d Cir. 2013).

Finally, we discuss Leftwich's retaliation claim. A plaintiff seeking to establish a prima facie case of retaliation under Title VII must show: (1) protected employee activity; (2) "adverse action by the employer either after or contemporaneous with the employee's protected activity"; and (3) a causal connection between the protected activity and the adverse action. Daniels v. Sch. Dist. of Phila., 776 F.3d 181, 193 (3d Cir. 2015). If a prima facie case is established, the burden shifts to the employer to present a legitimate, non-discriminatory reason for its actions. Id. If such a reason is offered, the burden then shifts back to the plaintiff to show that the reason was merely pretext "'and that retaliation was the real reason for the adverse employment action.'" Id. (quoting Moore v. City of Philadelphia, 461 F.3d 331, 342 (3d Cir. 2006)). Although the burden of production shifts, "the plaintiff has the ultimate burden of persuasion at all times." Id. Here, Leftwich's protected activity of consulting an EEO counselor in August 2012 was not in dispute. Thus, the question is whether Leftwich "produced evidence from which a reasonable factfinder could conclude that her engagement in a protected activity was the

6

likely reason for the adverse employment action at the prima facie first stage and that the [Secretary's] explanation (at stage two) was pretext (at stage three)." Carvalho-Grevious v. Del. State Univ., ___ F.3d ____, ____, No. 15-3521, 2017 WL 1055567, at *6 (3d Cir. Mar. 21, 2017) (emphasis in original).

Here, the District Court concluded that Leftwich set out a prima facie case of retaliation. Leftwich produced evidence to show that a letter of reprimand that she received in November 2012 could constitute an adverse employment action that followed chronologically after her protected activity. Also, the District Court found sufficient circumstantial evidence in the record of a causal connection between Leftwich's protected activity and the reprimand.[2] The District Court accordingly required IRS to identify a legitimate, non-discriminatory reason for the reprimand.[3]

That it did. Specifically, IRS stated that in July 2012, Leftwich began engaging in progressively worsening unprofessional behavior at work. IRS also stated that Leftwich was provided with warnings and counseling for that behavior both before and after her

---

[2] For purposes of this appeal, we do not question the District Court's conclusion that IRS failed to sustain its burden in its summary judgment motion to show no potential causal connection between Leftwich's protected activity and her reprimand—that is, prong three of a prima facie case of retaliation. That said, the record is thin, at best, on the issue of any connection between those two events, and Leftwich's retaliation claim may well have failed on that basis, too.

[3] We agree with the District Court that none of the other incidents that occurred after Leftwich met with the EEO counselor could be considered an adverse employment action with a causal connection to her protected Title VII activity. See Leftwich, 2015 WL 8773274, at *11–*12.

7

EEO activity began. The record bears out IRS's explanation that the reprimand was issued for work-related reasons.

To survive a motion for summary judgment after an employer has proffered a legitimate, non-discriminatory reason for an employment action, a plaintiff must point to evidence which: (1) "casts sufficient doubt upon each of the legitimate reasons proffered by the defendant so that a factfinder could reasonably conclude that each reason was a fabrication;" or (2) allows the factfinder to reasonably conclude that "discrimination was more likely than not a motivating or determinative cause of the adverse employment action." Fuentes v. Perskie, 32 F.3d 759, 762 (3d Cir. 1994). A plaintiff can demonstrate the latter by "showing that the employer in the past had subjected [her] to unlawful discriminatory treatment, that the employer treated other, similarly situated persons not of [her] protected class more favorably, or that the employer has discriminated against other members of [her] protected class or other protected categories of persons." Id. at 765.

Here, Leftwich failed to present any evidence that IRS's legitimate, non-discriminatory reasons for the adverse actions alleged were pretext for retaliation. See id. ("[T]he non-moving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them 'unworthy of credence.'") (emphasis in original). Leftwich merely asserted that the IRS's rationale for the reprimand was pretextual without offering record evidence to support that assertion. So too in her brief on appeal, which is devoid of any citation to record evidence of

8

pretext.  Instead, Leftwich offers a general summary of the number of discrimination complaints that have been brought against IRS, apparently from a government report. That birds-eye-view summary has no bearing on Leftwich's case, and Leftwich does not explain how those statistics can show that the particular reasons for her reprimand were pretextual.  On this record, IRS's proffered reason for its action was neither "weak, incoherent, implausible, or so inconsistent" that a reasonable juror could find it unworthy of credence.  See Sarullo, 352 F.3d at 800.  Thus, no reasonable juror could conclude that retaliation for engaging in protected activity was the likely reason for IRS's reprimand.

Overall, Leftwich failed to produce sufficient evidence to create a triable issue of fact for her claims of disparate treatment, a hostile work environment, or retaliation under Title VII.  We have considered Leftwich's various arguments and conclude that none has merit.  Thus, we will affirm the District Court's judgment.  Because there is no triable issue in this case, and because Leftwich did not prevail on appeal, Leftwich's motions for a jury trial and for fees and expenses are denied.

9